IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| KATHERINE RODRIGUEZ, *individually and on behalf of all others similarly situated,* | ) | Case No.: |
| Plaintiffs, | ) | |
| v. | ) | State Court Case No.: 2026-CA-003739 |
| TOMOCREDIT, INC., | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

COMES NOW, Defendant Tomocredit, Inc. ("Defendant"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, and Local Rules 1.04(b) and 1.06, hereby give notice of the removal to this Court of the above-styled case, previously filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida as Case No.: 2026-CA-003739. As grounds for this removal, Defendants state the following:

**INTRODUCTION**

1. This civil cause of action was commenced in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida by the filing of a Complaint against Defendant, Case No.: 2026-CA-003739, on or about April 7, 2026. *See* Plaintiff's Complaint, attached as **Exhibit 1**.

2. Defendant was not served with the Summons and original Complaint until April 8, 2026.[1] This constituted Defendant's first legal notice of the Circuit Court action for purposes of removal.

3. The time within which Defendants are required by the law of the State of Florida to answer Plaintiff's Complaint or otherwise plead has not yet expired.

4. In accordance with 28 U.S.C. § 1446(a) and Local Rule 1.06(b), a copy of all process, pleadings, orders, and other papers or exhibits filed in the state court, publicly available, and served on Defendants to date is attached hereto as **Composite Exhibit 2**.

## FEDERAL QUESTION JURISDICTION EXISTS

5. In her Complaint, Plaintiff attempts to assert, *inter alia*, claims for the following: (1) violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R. § 64.1200. *See* Pl's Complaint, pp. 10-15.

6. Plaintiff's Complaint affirmatively pleads causes of action under the TCPA, a federal statute codified at 47 U.S.C. § 227, and seeks statutory and injunctive relief available only under federal law. Accordingly, this action arises under the laws of the United States within the meaning of 28 U.S.C. § 1331.

[1] By filing this Notice of Removal, Defendant does not intend to waive any of its substantive or procedural arguments in this matter, including those directed at venue, jurisdiction, failure to state a cause of action, and statute of limitations.

7. Accordingly, the instant action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and § 1446(b), and may be removed to this Court by petition, pursuant to 28 U.S.C. §1441(a).

8. Any civil action filed in state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a).

**DIVERSITY JURISDICTION EXISTS**

9. Plaintiff is a citizen and resident of Orange County, Florida.

10. Defendant is a Delaware corporation with its principal place of business in San Francisco, California.

11. Therefore, there is complete diversity under 28 U.S.C. § 1332(a) because Plaintiff is a Florida citizen and Defendant is a citizen of Delaware and California.

12. The amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Plaintiff seeks statutory damages of $500 per violation and up to $1,500 per willful or knowing violation under the Telephone Consumer Protection Act. (Compl. ¶¶ 2–4, 58–59, 68–69, 75–76.)

14. Plaintiff further alleges that Defendant committed multiple violations by continuing to send telemarketing solicitations after Plaintiff opted out and by sending messages outside permissible calling hours. (Compl. ¶¶ 15–17, 20.)

15. In addition, Plaintiff brings this action on behalf of nationwide putative classes, each alleged to contain at least 50 members, thereby multiplying Defendant's exposure to satisfy the amount in controversy requirement (Compl. ¶¶ 32–36.)

16. Plaintiff expressly alleges that the aggregate damages sustained by the putative classes are in the millions of dollars, confirming that the jurisdictional threshold is satisfied. (Compl. ¶ 42.)

17. Accordingly, because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and may be removed from state court by Defendant pursuant to 28 U.S.C. §§ 1441(a) and 1446(b).

## REMOVAL IS OTHERWISE PROPER

18. Pursuant to 28 U.S.C. § 1441(a) and Local Rule 1.06(a), the clerk must docket this removed action "in the division that includes the county from which the party removed the action."

19. Local Rule 1.04(b) states, “A party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced. Unless otherwise administratively ordered by the chief judge, the judge must transfer the action to the division most consistent with the purpose of this rule.”

20. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff’s counsel, and a copy will be promptly filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, pursuant to 28 U.S.C. §1446(d). A copy of the Notice of Filing Defendant’s Notice of Removal is attached hereto as **Exhibit 3**.

21. The right to remove this action has not been waived by the filing of any paper seeking affirmative relief from the State Court, and this Notice of Removal has been timely filed pursuant to 28 U.S.C. §1446(b). Defendant has no knowledge of any other pleadings, orders or papers served in this action other than Exhibits attached hereto.

WHEREFORE, Defendant Tomocredit, Inc. respectfully requests that this action be removed from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §§ 1331 and 1441 and Local Rules 1.04(b) and 1.06.

Respectfully submitted this 7th day of May, 2026.

**FREEMAN MATHIS GARY, LLP**

______________________________

Christian M. Gunneson
Florida Bar No. 123823
FREEMAN MATHIS & GARY, LLP
2502 North Rocky Point Drive, Suite 550
Tampa, FL 33607-1447
(813) 774-6363 (telephone)
christian.gunneson@fmglaw.com
*Attorney for Defendant TomoCredit Inc.*
*d/b/a Tomo Card*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of May, 2026, I served the foregoing to the Clerk of the Court using the CM/ECF system which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants:

Mitchell D. Hansen
Mitchell@jibraellaw.com
Zane C. Hedaya
Zane@jibraellaw.com
Gerald D. Lane, Jr.
gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
(813)-340-8838
*Counsel for Plaintiff*



______________________________

Christian M. Gunneson
Florida Bar No. 123823
FREEMAN MATHIS & GARY, LLP
2502 North Rocky Point Drive, Suite
550
Tampa, FL 33607-1447
christian.gunneson@fmglaw.com